IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRONIOUS D. DIXON
    Petitioner,

v.                                              Case No. 3:13cv153/MCR/CJK

FLORIDA,
    Respondent.
_____

# ORDER and
# REPORT AND RECOMMENDATION

This cause is before the Court upon petitioner's filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1) and a motion for extension of time (doc. 4). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A); that petitioner failed to obtain the requisite authorization before filing this petition; and that this case should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Bay Correctional Facility in Panama City, Florida. (Doc. 1). Petitioner's habeas corpus petition challenges petitioner's November 1, 2000, judgment of conviction and

sentence entered in the Circuit Court for Escambia County, Florida. (*Id*., p. 1). Petitioner was convicted of one count of sale of cocaine and one count of possession of cocaine, and sentenced to consecutive terms of fifteen years imprisonment on the sale and five years imprisonment on the possession. (*Id*.). Petitioner claims the state courts "fundamentally erred in denying and affirming petitioner's state illegal sentencing motion; in that, the motion was grantable by right – legally and constitutionally". (*Id.*, p. 4). Petitioner denies on the petition form that he previously filed a § 2254 petition in this Court regarding the validity of his state court confinement. (*Id.*, p. 3).

The Court takes judicial notice of its own records in *Dixon v. McDonough*, Case Number 3:04cv361/MCR/EMT. Petitioner initiated *Dixon v. McDonough*, on October 19, 2004, by filing a § 2254 petition challenging the same judgment of conviction and sentence at issue here. (*See* Case Number 3:04cv361/MCR/EMT, Doc. 1). This Court denied the petition on the merits on November 22, 2006. (*Id*., Docs. 31, 32, 33). Petitioner did not appeal or move for a certificate of appealability. The instant petition followed.

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not

previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same). The instant petition is a second or successive habeas corpus application.

By order dated April 9, 2013, the undersigned directed petitioner to show cause why this case should not be dismissed by filing a copy of the Eleventh Circuit's order authorizing him to file a second or successive § 2254 petition. (Doc. 3). Petitioner has not responded, but has filed a motion for extension of time "because Petitioner needs to obtain permission from the Eleventh Circuit Court of Appeals for a second or successive petition." (Doc. 4). Petitioner's motion for extension of time will be denied, as petitioner was required to obtain the Eleventh Circuit's authorization <u>before</u> filing his habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases (2011) ("<u>Before</u> presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).") (emphasis added). Petitioner's failure to first obtain the Eleventh Circuit's authorization operates as a jurisdictional bar and warrants dismissal of this case. *Burton v. Stewart*, 127 S. Ct. at 796, 799; *Fugate v. Dep't of Corr.*, 301 F.3d at 1288.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's motion for extension of time (doc. 4) is DENIED.

And it is respectfully RECOMMENDED:

1. That petitioner's habeas corpus petition filed under 28 U.S.C. § 2254 (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2. That the Clerk be directed to close the file and to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of May, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).